[Munn *et als.* v. Planters & Merchants Bank.] .

# Munn *et als.* v. Planters and Merchants Bank.

## Action on Promissory Note.

1. *Stipulation in note for payment of attorney's fee; attachment before maturity of note; failure to prove plea* —Where, in an action, commenced by attachment, on promissory notes which provided for the payment of attorney's fees, if not paid at maturity, the complaint, claiming attorney's fees for collecting the debt, was filed after the maturity of the notes, which were not due when the attachment was sued out, and the defendant pleaded that the attachment was sued out and levied before the maturity of the notes, and that by the levy the "defendant's ability to pay the· notes at maturity was destroyed," upon which plea the·plaintiff joined issue; but there was no evidence to show when the attachment was levied, or to show the effect of the levy upon the ability of the defendant‡to pay, and the evidence showed that the notes were not paid at maturity,—the plaintiff was entitled to recover the amount shown by the evidence to be a reasonable attorney's fee for collecting the notes.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

The facts of the case are sufficiently stated in the opinion. At the request of the plaintiff, the court gave to the jury the following written charge. "If the jury believe the evidence, they will find the issue as to attorney's fees claimed in the complaint in favor of the com-

plainant, and will assess the value thereof at one hundred and fifty dollars." The defendants excepted to the giving of this charge, and also excepted to the refusal of the court to give the following written charge requested by them: "If the jury believe the evidence, they will find the issue as to the attorney's fee claimed in the complaint in favor of the defendants." From a judgment for the plaintiff the defendants appeal, and assign as errors the rulings of the court above stated.

A. A. EVANS, for appellants.

SOLLIE & KIRKLAND, AND H. L. MARTIN, *contra*.

COLEMAN, J.—The appellee, as plaintiff, sued out an attachment against the appellants, which was levied by the sheriff on the property of the defendants. The ground of the attachment was that the defendants were about to fraudulently dispose of their property. The debt of the plaintiff was evidenced by two or more promissory notes. One of these notes had not matured at the time of suing out the attachment. The complaint was filed, under section 2995 of the Code of 1886, after the maturity of the entire debt. The complaint claimed attorney's fees for collecting the debt. The provision in each of the notes upon which this claim was founded reads as follows: "If not paid at maturity we agree to pay all cost in collecting, including a reasonable attorney's fee, if collected by an attorney." The question raised by this appeal is the right of the plaintiff to recover attorney's fees. It was admitted that the plaintiff was entitled to a judgment upon the notes. It was also proven without controversy that "one hundred and fifty dollars was a reasonable attorney's fee for collecting the notes introduced in evidence." The defendants pleaded the general issue, and two special pleas. The special pleas begin as follows: "Now come the defendants in the above stated cause and for answer to the complaint say that the attachments were issued on the 28th day of November, 1894, and on the same day levied by the sheriff upon the defendants' property, and that the notes upon which the suit is founded were not due and payable until several days after said 28th day of November, 1894." These averments were followed by a statement of the

[Cary v. Holmes.]

provision in the notes, which we have copied above. The second special plea then avers, that the plaintiff "by suing out the attachment and having the same levied upon · the property of the defendants destroyed their ability to pay the notes at maturity, and defendants are not liable in this suit for said fees." Issue was joined by the plaintiff upon the pleas. When no objections are interposed to the pleadings, parties are responsible for the issues made by them.

It will be noticed that the pleas aver that the attachments were sued out and levied on the 28th day of November, and that the notes upon which the suit was founded were not due for several days thereafter, and that by the levy the "defendants' liability to pay the notes at maturity was destroyed." There is no evidence to show when the attachment was levied. The abstract states that the attachments came to the hands of the sheriff on the 28th day of November, 1894, "who levied the same upon the goods," &c. There is no evidence to show the effect of the levy upon the ability of the defendants to pay the debt at maturity. The evidence is affirmative that the notes sued on did not become due until several days thereafter; one of them, exclusive of the days of grace, being due on the day of the issue of the attachment, and one not due for several days thereafter. The evidence is conclusive that they were not paid at maturity. Under the evidence the plaintiff was entitled to the affirmative charge, and the defendant was not. Section 2999 of the Code of 1886 affords the defendants ample protection for such damage as they may have sustained by the wrongful or malicious suing out of the attachment.

Affirmed.